UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CASSIE BALL, | ) | |
| | ) | |
| Petitioner, | ) | 1:10-cv-199/1:09-cr-07-05 |
| | ) | |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

This matter comes before the Court on the motion of *pro se* petitioner[1] Cassie Ball ("Ball" or "Petitioner") to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Court File No. 286, Petition). Pursuant to the Court's Order, the United States filed a response to petitioner's motion (Court File No. 297, Government's Response).

The underlying criminal case in this Court was *United States of America v. Cassie Ball*, Criminal Docket No. 1:09–cr–07-05, filed on January 27, 2009. The motions, together with the files and record in this case, conclusively show Petitioner is entitled to no relief under 28 U.S.C. § 2255. For the following reasons, the Court has determined an evidentiary hearing is unnecessary, *see United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir.1993), and Petitioner's § 2255 motion[2] will

---

[1] Technically, a party bringing a motion under 28 U.S.C. § 2255 is a moving party rather than a petitioner for writ of habeas corpus. *See, e.g., United States v. Sanders*, 3 F. Supp. 2d 554, 556–58 (M.D. Pa. 1998) (discussing similarities and differences between habeas corpus petitions under 28 U.S.C. § 2241 and 2254, and motions under 28 U.S.C. § 2255). Ball will be referred to as Petitioner, for ease of reference and to distinguish her from her co-defendant in the criminal case.

[2] In accordance with Rule 4 of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioner's § 2255 motion filed herein, and all the files, records, transcripts, and correspondence relating to Ball's conviction in Criminal Docket No. 1:09-cr-07-05, which will be cited by the Court File Number assigned to the particular pleading or motion (e.g., "Court File No. 286, Petition.").

be **DENIED** for lack of merit (Court File No. 286).

## I. PETITIONER'S MOTION

Petitioner filed her motion on July 26, 2010 (Court File No. 286). On the same day she filed her memorandum of law in support of her motion (Court File No. 287, Memorandum of Law). In the motion she raised the following grounds: "Ground One: Count Three should be dismissed in its entirety based on actual innocence and improper sentencing based on case law"; "Ground Two: Petitioner Ball's plea of guilty to the charge was predicated upon the bad avice (sic) of her legal counsel"; "Ground Three: Violation of the Plea Agreement by Government using self-incriminating statements for the purpose of enhancing her sentence level"; and "Ground Four: Ineffective Assistance of Counsel" (Court File No. 286 at 4-8).

She fleshes out these grounds with supporting arguments in her memorandum of law.

## II. STANDARD OF REVIEW

Section 2255 of Title 28, United States Code, provides that a prisoner in custody under sentence of a federal court may move the court which imposed the sentence to vacate, correct, or set aside a sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the Petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000); *United States v. Abbott*, 975 F.

Supp. 703, 705 (E.D. Pa. 1997).

Where a constitutional error is alleged, in order to obtain relief under § 2255, the record must reflect a Constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 1721–22, 123 L.Ed.2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To merit relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process," *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). After her conviction and sentence are final, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to obtain relief. *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

**III.    FACTS**

Petitioner was one of eleven codefendants in a nineteen-count superseding indictment (Court File No. 18, Superseding Indictment). Petitioner was charged with conspiracy to distribute 500 grams or more of methamphetamine; possession with the intent to distribute methamphetamine; possession of a firearm in furtherance of a drug trafficking offense; being a felon in possession of

3

a firearm; manufacturing methamphetamine; and possessing equipment, chemicals, products, and materials which may be used to manufacture methamphetamine. She appeared before Magistrate Judge Susan K. Lee on March 19, 2009, for her initial appearance and arraignment (Court File No. 56, Minutes). Magistrate Judge Lee appointed Michael Keith Davis to represent her pursuant to the Criminal Justice Act. On May 15, 2009, she filed a Notice of Intent to Enter Guilty Plea through counsel (Court File No. 106, Notice of Intent). In this notice she stated she would enter guilty pleas to counts I, alleging a conspiracy to distribute 500 grams or more of methamphetamine, and III, alleging possession of a firearm in furtherance of a drug trafficking offense, of the superseding indictment pursuant to a plea agreement with the government. On June 10, 2009, she appeared before Magistrate Judge Lee and entered pleas of guilty to those two counts. Magistrate Judge Lee followed the requirements of Fed. R. Crim. P. 11. As required by that Rule, Petitioner was placed under oath. The plea agreement was entered into the record at that time (Court File No. 146, Plea Agreement).

Magistrate Judge Lee asked Petitioner how far she had gone in school and in response Petitioner stated she had attended two years of college, that she had no history of mental illness or drug addiction, and that she was not then under the influence of drugs, alcohol, or medication. (Court File No. 313 at 7-9, Plea Hr'g Tr.). Magistrate Judge Lee asked whether Petitioner was satisfied with counsel's representation, had fully discussed the case with counsel, and understood the legal rights she was giving up by pleading guilty. Petitioner answered in the affirmative to all those questions (*id.* at 9-11, 15). The terms of the plea agreement were explained by the Government (*id.* at 13-15). Magistrate Judge Lee explained the elements of the offenses to which Petitioner desired to plead guilty (*id.* at 17-21). Petitioner told Magistrate Judge Lee that she

4

understood the charges and wished to plead guilty (*id.*). The Government stated the maximum sentence and the statutory mandatory minimum Petitioner faced and Petitioner again stated her desire to plead guilty (*id.* at 20-22). Magistrate Judge Lee informed Petitioner that her sentence would involve calculation of the sentencing guidelines but those guidelines were not binding on the court. Magistrate Judge Lee also explained Petitioner's guidelines range could not be determined until after the U.S. Probation Office prepared a Presentence Investigation Report ("PSR"). Magistrate Judge Lee informed Petitioner that she would not be entitled to withdraw her plea if her sentence proved to be more harsh than she anticipated (*id.* at 24-27). Magistrate Judge Lee had the Assistant United States Attorney read the factual basis in support of the guilty plea from the plea agreement and asked Petitioner whether the factual basis was true and accurate (*id.* at 33-34). Petitioner affirmed the accuracy and correctness of the factual basis. Finally, Petitioner swore she was pleading guilty because she was, in fact, guilty (*id.* at 34).

Following her guilty plea, the Probation Office completed a PSR on Petitioner. Based on the 2008 version of the Sentencing Guidelines, the probation officer found Petitioner was responsible for 500 grams of methamphetamine, yielding a base offense level of 32 (PSR ¶ 34). After a three-level reduction for acceptance of responsibility, petitioner's total offense level was 29 (PSR ¶¶ 40-44). Given her criminal history category of III, the applicable guidelines range for the drug offense was 108 to 135 months' imprisonment (PSR ¶¶ 51, 74). Because petitioner was also subject to a statutory mandatory minimum sentence of ten years, however, her restricted guidelines range was 120 to 135 months' imprisonment, followed by a consecutive term of 60 months for the firearms offense, for an effective guidelines range of 180 to 195 months' imprisonment (PSR ¶ 74). The Court ultimately sentenced petitioner to the statutory minimum term of 180 months'

5

imprisonment (Court File No. 231).

IV.     ANALYSIS

Petitioner did not file a direct appeal following her conviction and sentencing. Therefore these claims are raised for the first time in this motion. However, the Court finds that she fails to offer any factual substantiation for some of the issues and fails to demonstrate ineffectiveness of counsel for the others.

Petitioner is required to allege facts that show she is entitled to the relief she seeks. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir.1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Id*. A motion under section 2255 must consist of something more than legal conclusions unsupported by factual allegations. *Short v. United States*, 504 F.2d 63, 65 (6th Cir.1974); *Ramsey v. United States*, 223 F. Supp. 605, 607 (E.D. Tenn. 1963). A motion which merely states general conclusions of law without substantiating factual allegations, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 170 (W.D. Tenn. 1996).

The Court will consider Petitioner's grounds in the order in which Petitioner listed them.

### A.     Ground One: Count Three should be dismissed in its entirety based on actual innocence and improper sentencing based on case law

Petitioner's first claim is the § 924(c) count should have been dismissed because she is not guilty of that count. She relies upon the Supreme Court decision in *Bailey v. United States,* 516 U.S. 137 (1995) for support. She is correct the Supreme Court in that case said that to use or carry a firearm there must be evidence of active employment of the firearm. However, the § 924(c) statute also condemns actions other than use and carry. It forbids the possession of a firearm in furtherance

6

of a drug trafficking crime. This is the prong of the statute under which Petitioner was charged and convicted. As the Government notes in its response, the prong was added to the statute after the Supreme Court decided *Bailey*.

Petitioner does not make any argument that her conviction was invalid under any other theory. The factual basis established the foundation for her guilt, the elements of the crime were explained to her, and she swore under oath she was guilty of the offense. Therefore, Petitioner has failed to demonstrate her motion on this ground should be granted. Accordingly, it will be **DENIED**.

Tangentially, Petitioner raises the now vacated opinion of *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), for the proposition that it is improper to run a § 924(c) mandatory minimum sentence consecutively to a mandatory minimum drug trafficking sentence. The *Almany* opinion was vacated because of a subsequent decision of the Supreme Court, *Abbott v. United States*, -- U.S. --, 131 S.Ct. 18 (2010). Thus, *Almany* offers no support for her argument.

**B.     Ground Two: Petitioner Ball's plea of guilty to the charge was predicated upon the bad avice(sic) of her legal counsel**

Petitioner argues her plea of guilty to the § 924(c) count was predicated upon the bad advice of her legal counsel "who believed that the mere presence of a firearm was a violation of § 924(c)." This argument rests upon the assumption that the § 924(c) count required Petitioner to have actively employed the firearm. As discussed in the previous section, that requirement does not apply to the possession of a firearm in furtherance of a drug trafficking crime, the offense for which Petitioner was charged and to which she pleaded guilty. The facts and the law support her guilt of this charge. Her counsel therefore could not have been derelict in advising Petitioner that possession of a firearm in furtherance of a drug trafficking offense was a federal offense. In fact, counsel would have been

7

derelict if he had advised her of the opposite.

Therefore, Petitioner has failed to demonstrate her motion on this ground should be granted. Accordingly, it will be **DENIED**.

    **C.**    **Ground Three: Violation of the Plea Agreement by Government using self-incriminating statements for the purpose of enhancing her sentence level**

Under this ground, Petitioner attacks her sentence for Count One which alleged a conspiracy to distribute 500 grams or more of methamphetamine. Because of the quantity of drugs, Petitioner faced a mandatory sentence of at least ten years (i.e. 120 months).

The plea agreement (Court File No. 146) contained the factual basis for Petitioner's guilty plea. It is contained in paragraph 4 and reads:

> 4.    In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts which satisfy these elements. These are the facts submitted for the defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.
>
> a) Agents from the Drug Enforcement Administration (DEA) began investigating a methamphetamine trafficking organization from the Eastern District of Tennessee, headed by Phillip Kelly, which was involved in the distribution of "ice" methamphetamine largely obtained from sources outside the state of Tennessee.
>
> b) The defendant and co-defendant Steven Hamric were stopped by law enforcement in Chattanooga while driving a stolen vehicle in June 6, 2008. They were in possession of approximately one (1) ounce of ice methamphetamine and a loaded pistol, the possession of which furthered the defendant's drug trafficking offenses.
>
> c) Agents arranged for a confidential informant (CI #1) to make a controlled purchase of ice methamphetamine from the defendant after the defendant made bond in state court following the traffic stop referenced above. The defendant agreed to sell 1/4 ounce of methamphetamine to the CI in Judge Poole's courtroom. The CI met with Ball in Judge Poole's courtroom and the defendant arranged for co-defendant Cheryl Kile to make the delivery to the

> CI. The delivery contained between 2 to 3 grams.
>
> d) On November 5, 2008, the defendant and co-defendant Floyd Muck made a delivery to a second informant (CI #2) of several grams of methamphetamine. SA Heath Frizzell of TBI then stopped the defendant and Muck, retrieved additional methamphetamine from their possession, and found a methamphetamine lab in the vehicle. The defendant provided a complete voluntary confession, admitting she knowingly agreed, joined, and participated in a conspiracy to sell methamphetamine and that she had made several trips to Atlanta with Kelly and Hamric to pick up multiple ounce quantities of ice methamphetamine which would later be sold and delivered to others.
>
> e) Interviews with other co-conspirators in this organization revealed that the defendant was a knowing and voluntary participant in the conspiracy to manufacture, distribute, and possess with the intent to distribute more than five hundred (500) grams of methamphetamine. Their statements corroborated the confession given by the defendant to law enforcement agents.
>
> f) If this case had proceeded to trial, the United States would have called an expert witness to testify that five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine is a distribution amount.
>
> g) Some of the above described events took place in the Eastern District of Tennessee.

(*id.*).

Thus, the plea agreement signed by Petitioner and acknowledged under oath as her plea agreement contains an averment that "defendant was a knowing and voluntary participant in the conspiracy to manufacture, distribute, and possess with the intent to distribute more than five hundred (500) grams of methamphetamine." Petitioner during her guilty plea hearing admitted under oath she was guilty of Count One, affirmed the accuracy of the factual basis, and acknowledged she understood the offense to which she had tendered a guilty plea.

This quantity of drugs calls for the mandatory minimum 120 month term. Therefore, it is irrelevant if "additional drug amount[s] [were] used to enhance Petitioner's sentence . . . without

9

sufficient evidence to support additional amounts . . ." (Court File No. 287 at 10). Petitioner received the absolute minimum sentence possible based upon her guilty plea. Even if, and it appears it did not happen, the PSR contained additional drug amounts those additional drug amounts did not impact her sentence at all. There is no evidence the PSR contained drug quantities for calculation of the Petitioner's Guidelines other than what was in the plea agreement.

Petitioner under this ground also claims the Government breached the plea agreement by failing to file a motion for a downward departure pursuant to USSG § 5K1.1. "[T]he government breached its plea agreement by not complying with the obtained guilty plea, allowing the AUSA to continue with all facets of Petitioner's case without fulfilling promise to assist counsel and in turn Petitioner. AUSA repeatedly assured counsel for Petitioner that a request/motion would be made for a 5K1.1 which would enable the Judge to sentence Petitioner below the statutory minimum" (Court File No. 287 at 12).

An examination of the plea agreement, however, does not bear out Petitioner's representations. The plea agreement provides that it is the full and complete agreement between the parties. There is no language in the plea agreement that obligates the Government to file a § 5K1.1 motion. Rather, the language in the plea agreement states that the Government *"may"* bring to the Court's attention Petitioner's cooperation. The word *may* is permissive, not obligatory. Since it is permissive, there could be no breach of the plea agreement if the Government did not do what it was not obligated to do under the agreement.

Therefore, Petitioner has failed to demonstrate her motion on this ground should be granted. Accordingly, it will be **DENIED**.

D.     **Ground Four: Ineffective Assistance of Counsel**

Petitioner raises ten instances of what she considers ineffective assistance of counsel as her last ground in the petition.

The Sixth Amendment provides in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to " 'reasonably effective assistance' of counsel." *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The Supreme Court in *Strickland* set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S.Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Weinberger v. United States,* 268 F.3d 346, 352 (6th Cir. 2001) (requiring the defendant to show a reasonable probability that, but for counsel's error, his sentence would have been different); *Gov't of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066.

Courts must recognize the strong presumption that counsel has rendered adequate assistance and that all significant decisions were made in the exercise of reasonable professional judgment. *Id*. at 689, 104 S.Ct. at 2065; *see also Buehl v. Vaughn*, 166 F.3d 163, 169 (3d Cir. 1999); *Reese v. Fulcomer*, 946 F.2d 247, 256–57 (3d Cir. 1991), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1679, 118 L.Ed.2d 396 (1992); *United States v. Gray*, 878 F.2d 702, 710 (3d Cir. 1989). The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner to show that counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066. The petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S.Ct. at 2068.

The *Strickland* Court further held that both prongs must be established in order to meet the claimant's burden, and that if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697, 104 S.Ct. at 2069.

Petitioner raises ten instances of what she considers ineffective assistance of counsel as her last ground in the petition. These ten instances are:

**1. Counsel was ineffective for not objecting to use of Petitioner's truthful information provided in debriefings to trigger mandatory minimum sentence.**

As the Court stated earlier, there is no basis for this claim. Petitioner's sentence was determined by the drug quantity in the superseding indictment and to which she pleaded guilty, not because of any other information.

**2. Counsel was ineffective for not investigating, questioning, or challenging Government's statement in PSR**.

Petitioner claims her counsel should have objected to the statement in the PSR that there were no known mitigating or aggravating circumstances that would warrant a departure from the advisory guidelines or statutory minimums. The basis for this is her contention her counsel assured her she would receive a downward departure under § 5K1.1. She also asserts counsel "coerced and cajoled" her into pleading guilty.

With respect to the first claim, it is difficult to see how counsel could be faulted for not objecting to the language in the PSR. The plea agreement did not obligate the government to file a § 5K1.1 motion even if Petitioner gave substantial assistance. There is no allegation the Government's failure to do so was motivated by impermissible or improper reasons. Had counsel objected to the language and offered his opinion Petitioner had rendered substantial assistance warranting a § 5K1.1 motion, the Court would have imposed the exact same sentence it did, which was the lowest possible sentence for Petitioner. Since Petitioner could not have possibly suffered any harm from this failure to object, she has not demonstrated ineffective assistance of counsel.

13

Regarding her allegation she was coerced and cajoled into pleading guilty, this claim is belied by her sworn statement during her guilty plea that no one had threatened her or forced her to plead guilty. Her sworn statement overrides her more recent representation.

### 3. Counsel was ineffective for failing to pursue suppression issues.

Petitioner faults counsel for failing to raise certain suppression issues. She relies upon Exhibit 8 to her petition, a letter from her counsel. In this letter counsel states that although these issues could be raised, "there is a vast amount of evidence against you which would not be affected by the suppression of evidence seized as a result of this . . . traffic stop." Given this fact, it is not unreasonable for a competent attorney to forego filing a suppression motion with the aim of securing a favorable plea agreement with the Government. Filing a suppression motion that required the Government to expend its resources needlessly might have hampered counsel's efforts to obtain an advantageous plea agreement.

### 4. Counsel was ineffective for stating Petitioner was technically guilty.

Petitioner faults counsel for stating in her sentencing memorandum that she was aware of the presence of the firearm which gave rise to the § 924(c) conviction. This is a difficult argument to follow since she had admitted to this in her plea agreement and at her guilty plea hearing. Counsel was using this fact to explain to the Court how Petitioner accepted responsibility and was less culpable than others involved in the offense.

### 5. Counsel was ineffective for failing to file appeal.

This claim takes up only four lines in her memorandum in support of the petition. She does not claim that after she was told there was no basis for an appeal she requested counsel file an appeal on her behalf. From this claim it is apparent she and counsel did discuss the possibility of an appeal.

Petitioner has not identified any grounds for an appeal. She is flatly wrong on the legal requirement of § 924(c), the factual basis for the conviction on this charge, the drug quantity allegation in the conspiracy count, and the obligation of the government to file a § 5K1.1 motion. If these were the grounds she wanted raised in an appeal, counsel was entirely correct in his opinion Petitioner had no grounds for an appeal.

### 6. Counsel was ineffective for not arguing that sentencing disparities between petitioner and her co-defendants required a downward departure.

Petitioner complains counsel did not object to her PSR because other codefendants faced lesser sentences. She argues that the 18 U.S.C. § 3553(a) factor counseling against unwarranted sentencing disparity would have supported such an argument. The fallacy with this argument is that her sentence was not driven by the Sentencing Guidelines but rather by the statutory minimums she faced. She received the lowest possible sentence under the statutes. Any disparity therefore was the result of congressional enactment, not the Guidelines.

### 7. Counsel was ineffective for not asking that Count Three, the § 924(c) count, be dismissed.

Petitioner again argues she is not guilty of possessing a firearm in furtherance of a drug trafficking offense. She also argues that under *Almany*, her sentences should run concurrently. This argument has been addressed and disposed of earlier in this memorandum. No purpose would be served by repeating this discussion here.

### 8. Counsel was ineffective for not asking for a § 5K1.1 departure and/or Rule 35.

Petitioner has not supported this ground with any facts but simply states the argument. With no attempt to flesh out the argument it is difficult for the Court to address it. However, the Court did earlier discuss the fact her plea agreement did not obligate the Government to file a § 5K1.1

15

motion. The same holds true for a Rule 35 motion. Both motions require the Government to file the motion before the Court has authority to grant the motion. Absent an unconstitutional or impermissible motive, the Court has no authority to order the Government to file such a motion or to grant such a motion. Petitioner has not alleged an unconstitutional or impermissible motive. Counsel did ask the Government to file such a motion and counsel informed the Court of Petitioner's assistance and counsel's and Petitioner's view that a § 5K1.1 motion was warranted. Counsel cannot be ineffective for asking for something the Court has no authority to grant.

### 9. Counsel was ineffective for failure to raise issue of breach of plea agreement.

This is another issue the Court addressed earlier. The plea agreement did not obligate the Government to file a § 5K1.1 motion. Nor was Petitioner's sentence based upon any information other than what was in her plea agreement and that she acknowledged to be true at her guilty plea. Petitioner has failed to establish any breach of her plea agreement so counsel cannot be ineffective for failing to object to something that did not occur.

### 10. Counsel was ineffective for not objecting to Petitioner's Criminal History Category in her PSR.

Petitioner faults her counsel for not objecting to her Criminal History Category. She states that she was assessed one point for a misdemeanor conviction that increased her from a criminal history category II to a category III. Whether this is true or not the Court cannot tell. She does not say the conviction is not her conviction. However, this did not affect Petitioner's sentence because her conviction was based on the statutory mandatory minimum penalty and the Guidelines played no role in her sentence. Based upon the two counts of conviction, she faced a mandatory minimum sentence of 180 months. That is exactly the sentence she received, the minimum sentence the Court could impose under the circumstances.

## V. CONCLUSION

None of the grounds asserted by Petitioner supports a finding her conviction of the § 924(c) was improper or her sentence on the conspiracy count or the § 924(c) count was improper or in violation of the Constitution or law of the United States or otherwise subject to collateral attack. Nor has Petitioner demonstrated her counsel's assistance was ineffective, either at sentencing or on direct appeal. Accordingly, her motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 will therefore be **DENIED** (Court File No. 286).

In addition to the above, this Court **CERTIFIES** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed in forma pauperis on appeal is **DENIED**. Fed. R. App. P. 24. Petitioner has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253; Fed. R. App. P. 22(b), or reasonable jurists would disagree on the resolution of this matter, thus a certificate of appealability **SHALL NOT ISSUE**. *Slack v. McDaniel*, 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**